UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERMAINE D. CARPENTER,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | 17-CV-4080 |
| JAMES CLAYTON, et.al.<br>    Defendants. | )<br>)<br>) | |

# OPINION

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

1

Plaintiff has identified seven Defendants including Security Director James C. Clayton, Therapist Aid Rodney Woods, Therapist Paula Lodge, Public Service Administrator Joseph Hankins, Nurse Lisa Logden, Assistant Director Eric Kunkel and Director Greg Scott. Unfortunately, Plaintiff's complaint is difficult to read due to faint print. Nonetheless, it is clear Plaintiff is alleging Defendants have failed to take reasonable measures to protect him from an assault. Plaintiff says he was assaulted by Resident J.C. on January 13, 2014. Immediately after the incident, facility staff did a good job of keeping the two separated. However, Plaintiff says recently staff is ignoring the danger. For instance, Rooming Committee Members Lodge, Hankins, and Logden intentionally arranged for Plaintiff and Resident J.C. to be housed in the same area. Although three years have passed since the initial assault, Plaintiff alleges Resident J.C. is still a threat to his safety and each member of the housing committee is well aware of the danger. For instance, the inmate threatened Plaintiff as recently as March 10, 2017. Plaintiff also says the three Defendants have a pattern and practice of ignoring obvious security concerns in housing decisions.

Rushville staff members have a duty to protect residents from violent assaults by other residents. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Rice ex rel. Rice v. Correctional Med. Serv.*, 675 F.3d 650, 669 (7th Cir.2012). In this case, Plaintiff's claim is limited by the two year statute of limitations period. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Therefore, the initial assault on January 13, 2014 is not before the Court and instead, Plaintiff's claim is

limited to Defendants conduct after the assault.

In order to demonstrate a Defendant violated his constitutional rights, Plaintiff must show the Defendant was aware of a specific, impending and substantial threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Typically, a failure to protect claim alleges the Plaintiff has already suffered an actual injury as a result of that threat. "However, a prisoner can assert an Eighth Amendment claim when the prisoner plaintiff was exposed to a risk of harm that occurred as a result of 'an official's malicious or sadistic intent.'" *Cole v. Johnson*, 2015 WL 4037522, at *4 (S.D.Ill. July 1, 2015) *quoting Babcock v. White,* 102 F.3d 267, 270 (7th Cir.1996). For the purpose of notice pleading, Plaintiff has alleged Rooming Committee Members Lodge, Hankins, and Logden failed to protect him when they knew of the clear danger to Plaintiff, but still housed him with Resident J.C.

However, Plaintiff has not clearly alleged how any other named Defendant was directly involved in failing to protect him. For instance, the fact that Defendant Wood called Plaintiff to the Healthcare Unit where Plaintiff saw Resident J.C. is not sufficient by itself to state a constitutional violation against Officer Wood. In addition, a Defendant cannot be held liable simply because he or she was a superviser. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* (supervisor liability) does not apply to § 1983 actions.."). Therefore, the Court will dismiss Defendants Clayton, Woods, Kunkel and Scott.

Plaintiff is also admonished since he did not suffer any physical injury, the damages he can recover in this action are limited. For instance, Plaintiff may not recover any compensatory damages. Instead, Plaintiff will be limited to injunctive relief, nominal damages and perhaps punitive damages. *Calhoun v. DeTella,* 319 F.3d 936, 941 (7th Cir. 2003). Furthermore, if Plaintiff can demonstrate punitive damages are appropriate, "generally the case law does not support an award of substantial amount of punitive damages in cases such as this with minimal compensatory damages." *Shatner v. Page,* 2009 WL 260788, at *34 (S.D.Ill. Feb. 4, 2009).

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the third amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Lodge, Hankins, and Logden failed to protect Plaintiff when they knew of the clear danger to Plaintiff, but still housed him with Resident J.C. The claim is stated against the Defendants in their individual and official capacities. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time,

4

unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to proceed in forma pauperis. [3]; 2) Dismiss Defendants Defendants Clayton, Woods, Kunkel and Scott for failure to state a claim upon which relief can be granted. 3) Attempt service on Defendant pursuant to the standard procedures; 4) set an internal court deadline 60 days from the entry of this order for the court to check on the**

**status of service and enter scheduling deadlines and 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 5th day of June, 2017.


                                s/ James E. Shadid

                                JAMES E. SHADID
                        UNITED STATES DISTRICT JUDGE